UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| David Lynn Harrison, | 2:16-cv-01371-JAD-NJK |
|---|---|
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Nevada Department of Corrections, et al., | |
| Respondents | |

Pro se Nevada state prisoner David Lynn Harrison has submitted a "Petition for Maturity Claim/CounterClaim" and a "Maturity CounterClaim,"[1] but he has not paid the $400 filing fee or submitted an application to proceed *in forma pauperis*. On June 20, 2016, Magistrate Judge Koppe ordered Harrison to submit a complaint and pay the filing fee or submit a completed IFP application by July 20, 2016.[2] This deadline has expired, and Harrison has not filed a complaint, paid the filing fee, or submitted an IFP application, nor has he requested an extension to do so.

A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] ECF No. 1-1, 1-2.

[2] ECF No. 2 at 2.

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdlik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1998) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissals for lack of prosecution and failure to comply with local rules).

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] A court's warning to a plaintiff that his failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[6] The magistrate judge's June 20, 2016, order explicitly warned Harrison that his case could be dismissed if he did not timely submit an IFP application or pay the filing fee and submit a complaint.[7] And the fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal here.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED with prejudice based on Harrison's failure to follow this court's June 20, 2016, order and to prosecute this case.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated this 5th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Thompson*, 782 F.2d at 831.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Fredlik*, 963 F.2d at 1262.

[7] ECF No. 2 at 2.